UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

STEVEN E. POWELL,

    Petitioner,

v.                                            Case No. 5:19-cv-362-VMC-PRL

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Steven E. Powell, a Florida prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Respondent opposes the petition as time-barred. (Doc. 11.) Having considered the petition, the response, and Powell's reply (Doc. 12), the Court **ORDERS** that the petition is **DISMISSED as time-barred**.

## Procedural History

Powell pleaded no contest to fleeing or attempting to elude (count four) and battery (count six.) He pleaded guilty to charges of driving while license suspended or revoked (count five), violation of a domestic violence injunction (count seven), and resisting or obstructing an officer without violence (count eight).[1] (Doc. 11-1, Exs. 4, 5.) The state trial court sentenced him to 15 years in prison for fleeing or attempting to

---

[1] At a later trial, Powell was acquitted of counts one through three, which were counts of armed kidnapping, sexual battery with threats to use force or violence, and strongarm robbery. (Doc. 11, p. 2 n.1; Doc. 11-1, Ex. 3.)

1

elude (count four) as a habitual felony offender, and to a consecutive term of five years in prison for driving while license suspended or revoked (count five). (Doc. 11-1, Ex. 6; Doc. 11-3, Ex. 58, pp. 319-21.) The state trial court sentenced him to time served on the remaining counts (counts six, seven, and eight). (*Id.*) The state appellate court *per curiam* affirmed the convictions and sentences. (Doc. 11-1, Ex. 23.)

Powell filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 11-1, Ex. 27.) The state court granted relief only to the extent that it vacated the habitual felony offender designation on count four. (Doc. 11-1, Ex. 33.) The state court denied relief in all other respects. (*Id.*) The state appellate court *per curiam* affirmed. (Doc. 11-1, Ex. 38.)

Powell filed a successive Rule 3.850 motion for postconviction relief, followed by amended successive motions. (Doc. 11-1, Ex. 42; Doc. 11-2, Ex. 43; Doc. 11-3, Ex. 47.) The state postconviction court denied the successive motion, as amended. (Doc. 11-3, Ex. 49.) The state appellate court *per curiam* affirmed. (Doc. 11-3, Ex. 54.) Powell's second successive Rule 3.850 motion was also denied. (Doc. 11-3, Exs. 56, 57.)

## Untimeliness Of Powell's Federal Habeas Petition

### I. Introduction

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Powell's habeas petition is subject to the one-year statute of limitations set out in 28 U.S.C. § 2244(d)(1). A habeas petition must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration

2

of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2).

## II.  Untimeliness Under § 2244(d)(1)

After the state appellate court affirmed Powell's convictions and sentences, it denied his motion for rehearing on April 17, 2014. (Doc. 11-1, Ex. 25.) Therefore, Powell's judgment became final on July 16, 2014, upon expiration of the 90-day period to petition the Supreme Court of the United States for a writ of *certiorari*. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). Powell's AEDPA limitations period began to run the next day, July 17, 2014. It ran for 12 days before Powell filed his first Rule 3.850 motion for postconviction relief on July 29, 2014. (Doc. 11-1, Ex. 27.) Powell's motion for postconviction relief was pending until the state appellate court's mandate issued on November 22, 2016. (Doc. 11-1, Ex. 41.) While the state postconviction court vacated the habitual felony offender designation on count four, as discussed below, this action did not result in a new judgment that re-started the AEDPA limitations period.

After the state appellate court's mandate issued, Powell had 353 days remaining on his AEDPA limitations period. Therefore, he had until November 13, 2017,[2] in the

---

[2] The last day of the AEDPA limitations period, November 11, 2017, was a Saturday. Therefore, Powell had until Monday, November 13, 2017, to file his § 2254 habeas petition. *See* Fed. R. Civ. P. 6(a)(1)(C).

absence of any state court tolling applications, to file his § 2254 petition. Powell did not file any other tolling applications before November 13, 2017. As discussed below, Powell's successive Rule 3.850 motion, filed on October 30, 2017, was not "properly filed" and therefore was not a tolling application under § 2244(d)(2).

Powell did not file his federal habeas petition until July 30, 2019, after expiration of the AEDPA limitations period. Accordingly, the petition is untimely under § 2244(d)(1)(A).

### III.   Removal Of HFO Designation

In ruling on Powell's first Rule 3.850 motion for postconviction relief, the state court vacated the habitual felony offender ("HFO") designation on count four, fleeing or attempting to elude. This action did not result in a new judgment that re-started the AEDPA limitations period.

For purposes of the AEDPA limitations period, "there is one judgment, comprised of both the sentence and conviction." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014) (citing *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1292 (11th Cir. 2007)). "[A] state prisoner's AEDPA limitations period does not begin to run until both his conviction and sentence become final[.]" *Thompson v. Fla. Dep't of Corr.*, 606 F. App'x 495, 501 (11th Cir. 2015). A change to a sentence after its imposition can result in a new judgment that resets the AEDPA limitations period. *See Insignares*, 755 F.3d at 1281 ("The limitations provisions of AEDPA 'are specifically focused on the judgment which holds the petitioner in confinement,' and resentencing

results in a new judgment that restarts the statute of limitations.") (quoting *Ferreira*, 494 F.3d at 1292-93).

In determining whether a new judgment has been entered, "[t]he relevant question is not the magnitude of the change, but the issuance of a new judgment *authorizing* the prisoner's confinement." *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1326-27 (11th Cir. 2017) (emphasis in original).

Here, the postconviction court's vacating of the HFO designation on count four did not result in a new judgment authorizing Powell's confinement. The postconviction court vacated the HFO designation because Powell was not informed prior to entering his plea that the HFO designation might affect the possibility of early release. (Doc. 11-1, Ex. 33, p. 6.) The postconviction court remedied this matter by simply directing the Clerk to vacate the HFO designation from the existing judgment. (*Id.*, p. 8.) The postconviction court stated the "remainder of [Powell's] sentence shall remain unchanged." (*Id.*) The act of vacating the HFO designation did not require vacating the sentence, give the Department of Corrections any authority over Powell's custody, or change the length of his 15-year sentence. (Doc. 11-3, Ex. 49, doc. pp. 214-221.) Accordingly, the removal of the HFO designation did not result in a new judgment and therefore has no effect on the timeliness analysis.

IV. **Successive Postconviction Motion**

Powell filed his successive Rule 3.850 motion on October 30, 2017, prior to the expiration of his AEDPA limitations period. However, the successive motion was not a "properly filed" tolling application because it was untimely. The Supreme Court has

explained that a state court application for collateral review is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" including "the time limits upon its delivery[.]" *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The Supreme Court has "expressly held that a state court motion for post-conviction relief cannot be considered 'properly filed' for tolling under Section 2244(d)(2) if the motion was untimely under state law." *Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1342 (11th Cir. 2018) (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)).

Under Rule 3.850(b), a petitioner must move for postconviction relief in state court within two years of the date his state court judgment becomes final. An exception to the two-year time limit applies when the motion "alleges that . . . the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, and the claim is made within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence[.]" Fla. R. Crim. P. 3.850(b)(1).

Powell's successive postconviction motion was filed under Rule 3.850(b)(1), and he alleged entitlement to relief based on newly discovered evidence and as necessary to correct a fundamental miscarriage of justice. (Doc. 11-3, Ex. 47.) The state postconviction court recognized that Powell "claims he is entitled to relief based on newly discovered evidence and manifest injustice" but denied his motion. (Doc. 11-3, Ex. 49, p. 3.) By doing so, the state court determined that no basis existed to consider the motion timely under the exception to the time limitation set out in Rule 3.850(b)(1). The state court found that Powell's claim that he was entitled to

6

resentencing based on the removal of the HFO designation on count four was successive and was "not newly discovered" because he already raised it in his first postconviction motion and on appeal. (*Id*., p. 4.) The court also found Powell's related claim of entitlement to resentencing based on an erroneous scoresheet to be refuted by the record made at the time of sentencing, which showed a proper scoresheet. (*Id*., pp. 5-6.) The state court also found that Powell's second claim, asserting that his plea was involuntary, "has been previously raised and ruled upon numerous times. Therefore, this issue is successive and barred by the law of the case doctrine." (*Id*., p. 5.) Further, the court rejected Powell's claims to the extent he attempted to characterize entitlement to relief as necessary to correct a manifest injustice. (*Id*., p. 5.)

The state postconviction court determined that no relief was warranted on Powell's motion, which was filed asserting application of Rule 3.850(b)(1)'s exception to the postconviction time limitation. It is therefore apparent that the motion was rejected as untimely, even though the order did not specifically make a timeliness finding. The Eleventh Circuit Court of Appeals' decision in *Jones*, 906 F.3d 1339, is instructive. The petitioner in *Jones* also filed a state postconviction motion claiming application of the exception in Rule 3.850(b)(1). While the state postconviction court in Jones's case did not expressly find the motion untimely, it rejected Jones's newly discovered evidence claim and stated that Jones's allegations "d[id] not meet the parameters of newly discovered evidence." *Id* at 1345. The Eleventh Circuit held that the only "reasonable and logical way to read" the state court's order was to conclude that the state court found Jones's motion untimely, and that a state court is not

required to use "[m]agic words" or make a "clear and unambiguous ruling" when deciding the timeliness of a postconviction motion. *Id*. at 1346, 1349.

Therefore, *Jones* stated, "the state court ruled that the Rule 3.850 Motion was untimely, and [a federal court is] required to defer to that ruling. That necessarily means that the motion wasn't 'properly filed,' and thus it didn't toll AEDPA's one-year statute of limitations." *Id*. at 1350 (citations omitted). "[A] state post-conviction motion is not, and cannot ever be, 'properly filed' if it was rejected by the state court as untimely." *Id*. at 1352 (citing *Pace*, 544 U.S. 408).

Because the state postconviction court rejected Powell's successive postconviction motion, brought under Rule 3.850(b)(1)'s exception to the time limitation for filing postconviction motions in Florida, it is apparent that the court denied the motion as untimely. This untimely motion therefore was not "properly filed," and had no tolling effect on Powell's AEDPA limitations period.

**V.   Equitable Tolling**

Powell does not establish that he is entitled to equitable tolling. Section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Id*. at 649 (quoting *Pace*, 544 U.S. at 418). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San

*Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *Id*. at 1267. Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y, Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly.").

Powell appears to argue in his reply that he is entitled to equitable tolling for the period during which his successive Rule 3.850 postconviction motion was pending because the motion was filed by an attorney who told him that the motion had merit. Powell fails to show that his attorney's evaluation of the motion's chance of success forms a basis for equitable tolling. *See e.g.*, *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1236-37 (11th Cir. 2017) (noting that certain conduct by attorneys, including abandonment, bad faith, dishonesty, divided loyalty, and mental impairment, might be bases for equitable tolling but holding that an attorney's negligence or misunderstanding of the law are not bases for equitable tolling). Powell does not demonstrate that equitable tolling is warranted in this case.

## VI.   Actual Innocence

Powell fails to demonstrate his actual innocence so as to allow review of his untimely petition. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (holding that "actual innocence, if proved, serves as a gateway through which a petitioner may pass"

when the impediment to review of his claims is "expiration of the statute of limitations"). "[T]enable actual-innocence gateway pleas are rare," however, and this exception "applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable would have convicted [the petitioner]" in light of the new evidence. *Id*. at 386, 394-95 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)) (internal quotation marks omitted). This exception requires showing a petitioner's "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In his reply, Powell asserts that "[i]f the Court were to assign an attorney and allow discovery to be taken the facts will show I am innocent." (Doc. 12, p. 8.) Powell's vague assertion of innocence, without more, is insufficient to demonstrate applicability of the actual innocence exception to the limitations period.[3]

Accordingly, it is **ORDERED** that Powell's petition (Doc. 1) is **DISMISSED as time-barred**. The **CLERK** is directed to enter judgment against Powell and to **CLOSE** this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

It is further **ORDERED** that Powell is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute

---

[3] Powell did not file a motion for appointment of an attorney for § 2254 proceedings or a motion requesting leave of Court to conduct discovery. As Powell has not established that discovery or appointment of counsel is warranted, the requests contained within his reply are denied.

entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). A COA must first issue. *Id.* To obtain a COA, Powell must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Powell cannot satisfy the second prong of the *Slack* test. Since Powell is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**ORDERED** in Ocala, Florida, on August 2, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE